■ BRENDA GEE, Appellant, v SALEM DAY CARE CENTER et al., Respondents. [850 NYS2d 64]—

---

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 15, 2006, which, to the extent appealed from, adhered to a prior order denying plaintiff's attorneys' motion for a one-third attorneys' fee, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.

Although plaintiff signed a retainer agreement that stated otherwise, it is uncontested that she agreed to pay her attorneys a one-third contingency fee for services rendered in connection with her personal injury action, a fee considered reasonable in such actions (*see* 22 NYCRR 603.7 [e] [2] [schedule B]). Since a fee in a personal injury case may be calculated either as a fixed percentage of the sum recovered or pursuant to a sliding scale (*see* 22 NYCRR 603.7 [e]) there is no legal, policy, or logical reason to deny a contingency fee to plaintiff's attorneys simply because plaintiff inadvertently signed the wrong retainer agreement form. This is especially so because the attorneys earned the agreed fee and plaintiff clearly wishes to pay it.

Although plaintiff's attorneys chose to remedy this mutual mistake by forthrightly seeking redress and authorization from the court, there is nothing that would have prevented plaintiff from privately and informally correcting the error, by simply paying her attorneys the fee differential directly.

Furthermore, there is no reason to deny plaintiff's attorneys relief because they failed to allege mutual mistake in the first instance, since plaintiff is willing to pay the one-third figure, because she agrees her attorneys are entitled to the greater fee; no one is resisting the higher fee; and defendants have taken no position on the matter. Moreover, the record contains nothing to indicate that plaintiff's attorneys exercised any undue influence over plaintiff, or secured her consent by any inappropriate means. Where the parties have agreed to a reasonable and standard fee, it ill behooves the court to interfere with their right to enter freely into such a contractual arrangement.

Although plaintiff's attorneys moved, albeit on technically inappropriate grounds, to obtain the agreed fee based on "extraordinary circumstances," the actual issue here is not whether they are entitled to extra compensation based on additional work, but, rather, what fee arrangement the parties agreed to in the first instance. Therefore, *Yalango v Popp* (84 NY2d 601 [1994]) has no application to the facts at bar. Indeed, unlike the instant plaintiff who agreed to a contingency fee, the plaintiff in *Yalango* objected to the attorneys' application for compensation in excess of the agreed fee, and did so to the

extent of appealing to the State's highest court. Concur—Marlow, J.P., Nardelli, Williams and McGuire, JJ.